## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Delia Polanco | § | |
|     Plaintiff | § | Case No.: 1:11-cv-07177-DAB    ECF CASE |
| v. | § | |
| Mel S. Harris and Associates, LLC; and | § | |
| NCO Portfolio Management, Inc. | § | |
|     Defendants | | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, DELIA POLANCO brings suit against Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), and in support would show as follows.

### A.   JURISDICTION AND VENUE

1.     The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA).  Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2.     Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Bronx County, New York.

3.     Plaintiff is an individual who resides in Queens County, New York.

4.     Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation organized under the laws of the State of New York, with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.      Defendant NCO PORTFOLIO MANAGEMENT, INC. is a corporation organized and existing under the laws of the State of Delaware. Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.  NCO Portfolio Management, Inc., may be served by and through its New York registered agent CT Corporation System, 111 Eighth Ave., New York, NY, 10011.

6.      All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.   STATEMENT OF FACTS

7.      Defendant MEL S. HARRIS AND ASSOCIATES, LLC (hereafter "Harris") is a debt collection law firm. Harris is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for plaintiffs seeking to collect alleged consumer debts.

8.      Defendant NCO Portfolio Management, Inc. ("NCO") purchases charged off consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits. NCO is therefore a "debt collector."

9.      On or about January 6, 2006, Harris, on behalf of its client NCO, filed a state court collections lawsuit in Bronx County Civil Court, Index Number CV-001125-06/BX, NCO Portfolio Management v. Delia Polanco.

10.     Defendants never served Ms. Polanco and, based on a false affidavit of service, obtained

2

a default judgment against Ms. Polanco on or about March 20, 2006 for $2,451.45.[1]

11.     New York City Marshal Martin Bienstock executed on the judgment. Beinstock collected most of the judgment. On information and belief, Beinstock forwarded the executed funds to NCO, through its attorney Harris, after taking his own fee.

12.     On or about October 27, 2010, Ms. Polonco filed a *pro se* order to show cause to vacate the default judgment and to return the wrongfully garnished funds. Prior to filing the motion, Ms. Polanco did not know that she had a right to seek to have a default judgment vacated if she were never served the collections lawsuit.

13.     On November 18, 2010, the Bronx Civil Court granted Ms. Polanco's motion, vacated the default judgment, and vacated all liens, restraining orders, and executions based on the judgment.

14.     Despite the order of the Court, Defendants would not release Ms. Polanco's money.

15.     Ms. Polanco does not make very much money. Like many New Yorkers in these difficult financial times, Ms. Polanco lives paycheck to paycheck, that is, when she can find work. The money that Defendants wrongfully retained may not be much to Defendants, but it was a lot for Ms. Polanco.

16.     Desperately needing her money back to pay for basic essentials, Ms. Polanco filed another motion to have her money returned.

---

1  Indeed, Defendant Harris is currently in the midst of a class action lawsuit alleging that it knowingly retained process servers with the intention that the process servers would not actually serve the collections lawsuit (a process known as "sewer service") so that Harris could obtain default judgments based on the false affidavits of service. That class action has survived a motion to dismiss. Sykes v. Mel Harris and Associates, LLC, No. 09 Civ. 8486 (DC), F. Supp. 2d , 2010 U.S. Dist. LEXIS 137461, 2010 WL 5395712 (S.D.N.Y. Dec. 29, 2010).

3

17.     On March 17, 2011, the Bronx Civil Court granted Ms. Polanco's motion and issued a second order again clearly stating that the court vacated all liens, restraining orders, and executions from the vacated judgment. Moreover, the Court ordered NCO to *"forthwith"* return to Ms. Polanco any funds or fees taken from her by NCO or any agent of NCO (emphasis added).

18.     Indeed, an attorney for Harris was at the March 17, 2011 hearing when Ms. Polanco was testifying to the court that NCO and Harris had not returned the funds they had previously garnished, and why she wanted a specific order that they return the money immediately.

19.     On information and belief, Defendants received a copy of the March 17, 2011 order on the day of the hearing, or within a few days thereafter.

20.     Desperately needing the return of her money to pay for rent and other essential items, Ms. Polanco sent another copy of the order to NCO, through Harris. That order was received on April 7, 2011, three weeks after the court ordered the money to be returned "forthwith." Defendants refused to return the money.

21.     Incredibly, despite two orders of the Court, *for more than 5 months* Defendants continued to refuse to comply with a direct order that they return Ms. Polanco's money "forthwith."

22.     Harris knew of the orders for NCO and its agents (e.g. Harris) to return Ms. Polanco's money, but, on information and belief, withheld that knowledge from NCO and/or withheld that knowledge from NCO when Harris communicated account information regarding Ms. Polanco to NCO.

4

23.      In the alternative, also on information and belief, Harris in fact informed NCO of the orders to return the money to Ms. Polanco, but NCO refused to return the money for more than five months after they were ordered to return the money "forthwith."

24.      In any case, Harris has direct knowledge of the orders of the court. NCO, as a party in the collections action, is charged with the knowledge of its attorney and agent.

25.      In any case, the order to return the money applied to Harris as the agent of NCO, and Harris did not return the money.

26.      Defendants' actions inflicted damages on Plaintiff. She was unemployed for some of the period when Defendants were refusing to return the money, and she desperately needed the return of her money to pay for basic essentials. Ms. Polanco was unable to pay rent and was ultimately evicted. Ms. Polanco lived off of rice, beans and cans of tuna fish. Defendants' actions inflicted on Ms. Polanco extreme mental and emotional distress, including frustration, anxiety, an inability to sleep, constant fear of being unable to pay for her most essential needs, and other distress that disrupted her activities of daily living.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

27.      Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

28.      The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United

5

Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) (holding that "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

29.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

30.     The obligation alleged by Defendants to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

31.     Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6). Harris is a debt collector because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for plaintiffs seeking to collect alleged consumer debts.  NCO is a debt collector because it purchases charged off consumer accounts and attempts to collect on them by sending thousands of collection letters and filing thousands of collections lawsuits.

32.     The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

33.     Defendant violated the following sections of the FDCPA: 15 U.S.C. 1692d, 1692e, and

6

1692f. By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount or legal status of the debt; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person false credit information; using any false representations or deceptive means; using unfair or unconscionable means; taking or threatening to take any nonjudicial action to effect dispossession of property with no present right to do so; and collecting any amount that is not expressly permitted by law or contract.

34.    A prevailing Plaintiff in an FDCPA action is entitled to actual damages, additional statutory damages of up to $1,000.00, and mandatory attorney's fees and costs, and these are so sought.

## C.    JURY DEMAND.

35.    Plaintiff demands a trial by jury.

## D.    PRAYER

36.    For these reasons, Plaintiff asks for judgment against Defendants for the following:

      i.    The above referenced relief requested;

      ii.    Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k;

      iii.    Actual, statutory, exemplary and punitive damages within the jurisdictional limits of the court;

iv.     Attorney fees and costs;

v.     Prejudgment and post-judgment interest as allowed by law;

vi.     A declaration that defendants violated the FDCPA as alleged in the complaint;

vii.     Prejudgment and post-judgment interest as allowed by law;

viii.     General relief;

ix.     All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFF
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:  (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

8