# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900  
FAX: (877) 496-7809

October 14, 2014

The Honorable Deborah A. Batts  
United States District Court for the Southern District of New York  
United States Courthouse  
500 Pearl Street, Courtroom 24B  
New York, NY 10007

      Re:    Plaintiff's response to the NCO Defendant's proposed basis for summary judgment [DE 59].

            Case No. 1:11-cv-07177-DAB, *Delia Polanco v. Mel S. Harris and Associates, LLC and NCO Portfolio Management, Inc.*

Dear Judge Batts:

      The undersigned represents Plaintiff in this Fair Debt Collection Practices Act suit. Pursuant to Your Honor's July 18, 2014 Scheduling Order [DE 55], this letter serves to address the NCO Defendant's proposed basis for summary judgment [DE 59].

      NCO's proposed bases for summary judgment are unavailing. Plaintiff addresses NCO's arguments below, in the order presented in [DE 59].

      First, the (now-dismissed) MSH Defendants acted as an attorney and agent for NCO in the debt collection attempts which gave rise to this suit. As such, NCO, the party in the collections action, is charged with the actions and knowledge of its attorney and agent--MSH.[1]

      NCO cites to *Kasalo v. Trident Asset Mgmt, LLC,* 2014 WL 3056821 (N.D. Ill. July 7, 2014) for the proposition that where a party "acquired a consumer's debt hoping to collect it but where it did not have any interaction with the consumer itself, it has not undertaken activities that fall within the purview of the FDCPA". *Kasalo* however is inapplicable to the case at bar. In *Kasalo*, a would-be debt collector acquired a debt after default and hired a servicer to send collection letters and make collection phone calls. *Id* at 1. The would-be debt collector "did not take any actions itself toward the debtor". *Id* at 3. In this case, NCO *itself* filed suit against the

---

[1] " Generally, a principal is responsible for the knowledge of an agent when that agent has a "duty to give the principal information" or when the agent acts on his knowledge regarding a matter that is "within his power to bind the principal." Restatement (Second) of Agency § 272. An agent's duty to disclose is thus linked to his power to bind the principal".*United States v. Meregildo*, 920 F. Supp. 2d 434, 444 (S.D.N.Y. 2013)

1

consumer, *in its own name*, even if it hired MSH to represent them as counsel. See *Okyere v. Palisades Collection, LLC et al,* 2013 WL 1173992 * at 8 (S.D.N.Y. March 22, 2013)( "the nature of an attorney-client relationship itself reflects that the client has the power to "control" its agent in material respects if the client wishes to do so").

Second, Plaintiff can establish the elements of conversion against NCO. As already argued in a failed opposition to Plaintiff's motion to amend, NCO claims that they cannot be liable for conversion because they originally acted pursuant to a valid state court judgment. In addition, NCO indicates that "plaintiff did not seek in November 2010 return of monies". This argument is a red-herring. On March 17, 2011 the civil court ordered NCO to return Polanco's previously garnished funds "forthwith" or be subject to contempt. There is no dispute of this fact. Moreover, MSH (NCO's agent) was at the hearing and had given NCO's in-house legal department copies of the state court orders to return Plaintiff's money "forthwith". As stated in Magistrate Freeman's June 3, 2014 order [DE 52] granting Plaintiff's motion to amend, "Plaintiff alleges that Defendant's in-house counsel had "physical possession" of the March 2011 Court Order for four and a half months before returning Plaintiffs money. (ld ¶41 ). Accepting Plaintiffs factual allegations as true, Plaintiff's proposed pleading for conversion state[s] a claim to relief that is plausible on its face".

Third, it is irrelevant for summary judgment purposes that NCO "propounded to Plaintiff an Offer of Judgment (OOJ) for $2,000" to satisfy her statutory damage claims. NCO seems to suggest that this Offer of Judgment might somehow moot Plaintiff's claims. Your Honor already rejected this argument, even going so far as to suggest sanctions should NCO bring a motion for judgment on the pleadings based on this assertion.[2]

Last, that Plaintiff settled with MSH is irrelevant as to a determination of liability against NCO.

As such, Plaintiff requests that the court deny as futile Defendants' request for a pre-motion conference to file motion for summary judgment.

Sincerely,
/s/
Ahmad Keshavarz
cc: opposing counsel via ECF

---

[2] See [DE 26]( "Defendant proposes a basis for a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Plaintiff responds that there continues to be a case in controversy. The Court is convinced that a motion to dismiss could not be determined in Defendant's favor, in at least the following areas: (1) because of the damages asserted by Plaintiff in her Complaint likely exceeds Defendant's Offer of Judgment of Settlement and (2) because of the relevant case law, including *Hrivnak v. NCO Portfolio Mgmt., Inc*., No. 11-3142, 2013 WL 2476733, at *5 (6th Cir. June 11, 2013), and *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C*., 242 F. Supp. 2d 273 (S.D.N.Y. 2002). As such, granting a motion to dismiss pursuant to Rule 12(b)(1) would not be possible or appropriate. Because the Court believes that Defendant has no good faith basis to make a motion to dismiss based on the submissions to the Court of July 1, 2013 and July 19, 2013, should Defendant make such a motion and be unsuccessful, the Court will consider a motion for costs the Plaintiff incurred in responding to the Motion to Dismiss. Should Defendant insist, mindful of potential sanctions under Rule 11 of the Federal Rules of Civil Procedure, on moving forward with their motion to dismiss, Defendant shall file and serve its moving papers within 45 days of the date of this Order".