UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
DELTA POLANCO,                                            :
                                                          :
                       Plaintiff,                         :
                                                          :           11-cv-7177 (LJL)
       -v-                                                :
                                                          :           MEMORANDUM AND
NCO PORTFOLIO MANAGEMENT, INC.,                           :           ORDER
                                                          :
                       Defendant.                         :
                                                          :
------------------------------------------------------------------ :

LEWIS J. LIMAN, United States District Judge:

   The parties have filed a joint pretrial scheduling order raising a number of issues in advance of trial. This ORDER resolves a number of those issues.

   1. The parties dispute what issues remain for trial and what issues the Court granted summary judgment on. Plaintiff Delia Polanco ("Plaintiff") alleges that Defendant NCO Portfolio Management, Inc. ("Defendant") violated the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692 and committed the tort of conversion, in two respects: (1) through counsel, it prosecuted a debt collection action in New York State Court in 2006 pursuant to an affidavit of service that falsely claimed that service was made on Plaintiff (a practice known as "sewer service"); and (2) after the New York State Court vacated the judgment previously entered in favor of defendant in November 2010, and after that court in March 2011 ordered defendant to return the sums it had collected from Plaintiff, Defendant did not return the funds until August 2011. (See Dkt. No. 93 at 2-5). Defendant disputes both claims. (*Id.* at 5).

   The Honorable Deborah A. Batts, to whom this case previously was assigned, granted summary judgment to Plaintiff on the liability question with respect to the second claim (the delayed return of funds), reserving only the question of damages on that claim. (Memorandum and Order, Dkt. No. 86 ("Op.") at 44). She held that there was no genuine issue of fact and that

Defendant both violated the FDCPA and committed conversion by failing timely to return the funds in response to a court order. Neither party disputes that that judgment is law of the case. On the other hand, the Court denied summary judgment on the first claim, that of sewer service. (Op. at 33). Although the specific grounds for the Court's ruling was the factual question whether sewer service was, in fact, effected or whether Plaintiff was properly served, the Court does not understand Judge Batts' decision to preclude the Defendant from defending against that claim based on any defenses available at law. Nor does the decision relieve Plaintiff of its burden. Accordingly, the Plaintiff must prove at trial all of the elements of an FDCPA violation and conversion against Defendant with respect to the claim of alleged sewer service, and Defendant may introduce evidence with respect to any of those elements or any available defense. Plaintiff argues that Defendant has made various evidentiary admissions with respect to certain elements of its claim including that Defendant is a debt collector under the FDCPA. (see Dkt. No. 93 at 3). The Court will consider at the Rule 50 stage and after Defendant has been fully heard whether Defendant has offered sufficient evidence for those elements to go to the jury.

      2. Defendant argues that there is not sufficient evidence of emotional distress damages for Plaintiff to receive such damages under the FDCPA. Defendant did not move for summary judgment on this issue and courts in this Circuit generally have recognized that emotional distress damages can constitute "actual damages" under the FDCPA. *See Conboy v. AT&T Corp.*, 84 F. Supp. 2d 492, 507 (S.D.N.Y. 2000) ("emotional distress damages are recoverable in cases alleging a violation of the FDCPA") (*citing Teng v. Metropolitan Retail Recovery, Inc*. 851 F. Supp. 61 (E.D.N.Y. 1994)); *see also Gomez v. Resurgent Capital Services, LP*, 129 F. Supp. 3d 147, 153 (finding that there is no cap on emotional distress damages in FDCPA cases). The Court has discretion at this stage over whether to preclude Plaintiff from offering evidence of emotional distress caused by Defendant's alleged unlawful conduct and chooses not to preclude Plaintiff from offering such evidence at trial. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d. 471, 476 (S.D.N.Y. 2009) ("[C]ourts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (quotation omitted). Accepting that those cases were correctly decided for purposes of this motion, the Court will consider at the Rule 50 stage whether the evidence that Plaintiff has offered, after it has been fully heard, is sufficient to support a jury verdict.

      3. Defendant also argues that Plaintiff cannot prove punitive damages for conversion. The Court, per Judge Batts, previously granted Plaintiff's motion for summary judgment on the conversion claim ruling that the failure to return the funds the state court ordered be returned constituted conversion, and that is law of the case. (see Op. at 48) There is law that punitive damages can be available under some circumstances for conversion. Whether those circumstances are present here again is an issue for trial, subject to the Court determining at the Rule 50 stage that no reasonable jury could find for Plaintiff on this claim.

      4. Plaintiff asks the Court to take pretrial judicial notice of the allegations against MSH contained in a class-action lawsuit and the findings of Judge Denny Chin in granting certification in *Sykes v. Mel Harris & Associates, LLC*, 285 F.R.D. 279 (S.D.N.Y. 2012). (See Dkt. No. 95 at p. 6). Under Rule 201(b) of the Federal Rules of Evidence, a Court may only take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Second Circuit has held that a court may not take judicial notice of a document filed in

another court for the truth of the matters asserted in the other litigation. *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998). The allegations in the lawsuit are just that; they are not findings under Rule 803(8). *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362 (S.D.N.Y. 2014) ("Statements and conclusions in court rulings and documents are inadmissible hearsay absent a relevant exception."). Plaintiff does not and cannot argue that the findings of Judge Chin are entitled to collateral estoppel effect against Defendant, for a number of reasons including that they are not final and because Defendant was not a party to that lawsuit. See Restatement (Second) of Judgments §§ 13, 34. In addition, based on Plaintiff's proffer, the Court would exclude the evidence if offered for its truth both under Fed. R. Evid. 404(b) as similar act evidence offered to show propensity and under Fed. R. Evid. 403 because whatever limited probative value it might have to show what happened in Ms. Polanco's case would be substantially outweighed by the prejudice to the Defendant in having to disprove the facts in an unrelated case against another party and the distraction to the jury, delay in proceedings, and waste of time that a trial on those issues would create in judging the facts of this case.

        SO ORDERED.

Dated: February 26, 2020  
       New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge